IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRIAN H., AND M.H.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, and the LENDLEASE AMERCAS HOLDINGS, INC. CHOICE PLUS PLAN,<br><br>Defendants. | MEMORANDUM DECISION<br><br>AND ORDER<br><br><br>Case No. 2:23-cv-00646 JNP<br><br>Judge Jill N. Parrish |

Plaintiffs Brian H. and M.H. (collectively, "Plaintiffs") brought this action against United Healthcare Insurance Company, United Behavioral Health, and the Lendlease Americas Holdings, Inc. Choice Plus Plan (collectively, "Defendants") after Defendants failed to pay for treatment M.H. received in Utah.

This matter is before the court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 13). Pursuant to local rule 7-1(g) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(g).

## BACKGROUND

Plaintiffs reside in Cobb County, Georgia and have healthcare benefits under the Lendlease Welfare Benefits Plan (the "Plan"), which is located and administered in the Western District of

North Carolina. The Plan is an employee-welfare benefits plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), governed by 29 U.S.C. § 2001 *et seq.* Plaintiffs have benefits under the Choice Plus Plan, a medical benefit program option under the Plan. Lendlease Americas Holdings Inc. ("Lendlease"), the Plan Sponsor, is a Delaware company with its principal place of business located in New York. Lendlease administered the Plan in Charlotte, North Carolina.

United Healthcare Insurance Company ("United") is a Connecticut corporation with its principal place of business in Hartford, Connecticut. United is the third-party claims administrator for medical benefits under the Plan. Claims for mental health benefits under the Plan are administered by United Behavioral Health ("United Behavioral"), which is a California corporation with its principal place of business in San Francisco, California.

In 2021, M.H. received medical care and treatment at Discovery Ranch, which is located in Utah. United initially denied coverage for M.H.'s treatment because Discovery Ranch was under a temporary suspension of authorization and any claim for services by this facility would result in an automatic adjudication of the claims. The determination to apply this designation on Discovery Ranch was made outside of Utah.

In October 2021, Discovery Ranch submitted an appeal on behalf of M.H. in response to United's denial, which United upheld in November 2021. In December 2021, Discovery Ranch submitted another appeal to United, causing United to partially overturn its determination in January 2022. Plaintiffs appealed again in February 2023, and United upheld the denials in March 2023. Although some of the correspondence passed through Utah to Plaintiffs and went to M.H's providers in Utah, the reviewers who issued the decision letters in response to the various appeals

referenced in Plaintiffs' Complaint were not located in Utah. No coverage decisions were made in Utah.

Plaintiffs allege that United has an appeals and claims processing facility in Utah. Defendants dispute this assertion, averring that United merely has a vendor that maintains a post-office address at a service center in Utah where some communications from members and providers are sent and received. This is a pass-through facility where mail is sent, or opened, electronically scanned, and distributed to the address. No benefits or appeals decisions are made at this facility.

Plaintiffs filed this lawsuit in the United States District Court for the District of Utah for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendants now request a venue transfer pursuant to 28 U.S.C. § 1404(a), arguing that the Western District of North Carolina is a closer and more convenient venue for all parties and witnesses. For the reasons set forth below, the court GRANTS Defendants' Motion to Transfer Venue.

## DISCUSSION

This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Section 1404 of Title 28 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a

permissible justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted).

To ascertain whether a movant has met its burden, a district court should consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. Under 29 U.S.C. §1132(e)(2), an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *Id.* In this case, there is no dispute that the action could have originally been brought in the Western District of North Carolina, where Lendlease administers the Plan, and ultimately denied coverage. There is also no dispute that the action is technically proper in the District of Utah as Defendants can "be found" here.

The sole issue before the court, therefore, is whether the Western District of North Carolina or the District of Utah is a more appropriate forum under the factors set forth above. Of these factors, the court is not aware of any significant or material difference between the District of Utah and the Western District of North Carolina regarding the cost of making the necessary proof, or the ability of the parties to receive a fair trial. Additionally, because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local

laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, *8 (D. Utah Sept. 12, 2016).

Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.

<u>Plaintiffs' Choice of Forum</u>

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA, this court has routinely declined to defer to a plaintiff's choice of forum where the location of plaintiff's treatment was the only connection to the forum. As this court previously explained:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits – and disposition of any subsequent appeals – on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiff's choice of forum where plaintiff's only connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, *3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where the District of Utah's

only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

In this case, M.H.'s treatment in Utah provides the only connection to this forum. None of the parties reside in Utah. The Plan was not administered in Utah. The alleged breaches did not occur in Utah. The decision to deny benefits was not made in Utah. Under these circumstances, and in accord with persuasive and applicable authority, Plaintiffs' choice of forum is entitled to little weight and is not controlling. Plaintiffs have failed to show that their choice of forum outweighs any other consideration in the transfer analysis.

Nevertheless, Plaintiffs claim that because United can "be found" in Utah, as required under ERISA, *see* 29. U.S.C. § 1132(e)(2), Utah is a more convenient and logical place to litigate the merits of the case. In support of their argument, Plaintiffs allege that United has extensive employees and members in Utah and directs its members to send claims to a physical address in Utah. In other words, Plaintiffs argue that because of Defendants' business connections in Utah, although unrelated to the instant case, the District of Utah is a more appropriate venue.

The court does not agree. While it is true that venue is technically proper in Utah because United can "be found" here, it does not automatically follow that Utah is the best venue in which to proceed. Even where venue is proper, courts allow transfer of venue where there is no material relationship between a plaintiff's choice of forum and the case at hand. *J.K. v. Anthem Blue Cross*

*& Blue Shield*, No. 2:22-cv-00370 JNP, 2023 WL 6276598, at *3 (D. Utah Sep. 26, 2023) (finding the interests of convenience and justice favor transfer where the plan was not administered, adjudicated, or breached in Utah); *K.A. v. United Healthcare Ins. Co.*, No. 2:23-cv-00315, 2023 WL 7282544, at *2-3 (D. Utah Nov. 3, 2023) (citations and internal quotations omitted). "While ERISA may allow for national service of process, that was not intended to provide a vehicle for all plaintiffs nationwide to bring their claims in any district they deem most favorable." *Jon N. v. Blue Cross Blue Shield of Mass., Inc.*, 1:07-cv-137 DAK, 2008 U.S. Dist. LEXIS 35464, at *9 (D. Utah Apr. 29, 2008). To hold otherwise would encourage forum shopping and undermine the ability to litigate ERISA cases in forums most closely aligned with the facts and parties of each case.

At bottom, while Defendants can "be found" in Utah pursuant to ERISA's nationwide service provision and United has some business operations in Utah, none of these contacts has a material connection to the facts *of this case* and the district where the Plan is administered is therefore a more appropriate forum. *See J.K.*, 2023 WL 6276598, at *4 (transferring the case to the location of the plan where the plan was not administered, adjudicated or breached in Utah and where the plaintiffs did not live in Utah); *K.A.*, 2023 WL 7282544, at *2-3 (transferring case outside of Utah, finding no meaningful connection between plaintiffs' case and Utah where the only connections to that forum were the plaintiffs' counsel and United's vendor's facility).

<u>Accessibility of Witnesses and Other Sources of Proof</u>

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). However, the convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.,* 2016 WL 4769342, at *9).

"Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4. Here, the relevant witnesses and documents involved in administering the Plan are located where the Plan was administered in North Carolina. Further, the relevant witnesses and documents involved in denying Plaintiffs' claims are also located in North Carolina.

Plaintiffs argue, however, that despite the Plan being administered in North Carolina, Utah is still the preferred venue because Plaintiffs' Utah counsel gathered relevant medical records and documents to establish the medical necessity of the treatment M.H. received. Accordingly, Plaintiffs argue, creation of the prelitigation appeal record that Defendants reviewed occurred in Utah.

Plaintiffs' argument misses the mark. Under ERISA, the critical issue is where the benefits determination and administration of the Plan occurred; where work was done to collect and analyze documents that were later reviewed by a healthcare administrator is simply irrelevant. To hold otherwise, would mandate that all ERISA cases be heard where Plaintiffs' counsel is located. This neither can nor should be the analysis and consequent result. Here, where the Plan is administered in North Carlina, the Western District of North Carolina is a more appropriate forum.

<u>Enforceability of a Judgment</u>

Courts have generally understood that judgments are more easily enforced against defendants in the state in which they reside. *Michael M.*, 2018 WL 1406600, at *6 (D. Utah Mar. 19, 2018) ("[A]ny judgment against Defendants would be easier to enforce in South Carolina since that is where Defendants reside.") (unpublished). Accordingly, enforceability of any

judgment that might be entered weighs in favor of transfer to the Western District of North Carolina where Lendlease resides.

Docket Congestion

Both parties concede that the Western District of North Carolina has a less congested docket than the District of Utah. Accordingly, this factor weighs in favor of transfer.

Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). Under a practical consideration of all the facts, the Western District of North Carolina is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. As previously stated, none of the parties in this case reside in Utah. Although claims were initially processed in Utah, the Plan was not administered, adjudicated, or breached in Utah. Conversely, Plaintiffs reside in Georgia, a location much closer to the Western District of North Carolina, and the decision whether to award benefits occurred exclusively in North Carolina. In short, the practical considerations and the interests of justice weigh in favor of transferring the case to the Western District of North Carolina.

## **CONCLUSION**

For the reasons articulated, Defendants' Motion to Transfer Venue (ECF No. 13) is GRANTED.

IT IS HEREBY ORDERED AS FOLLOWS: The Clerk of the Court shall transfer this action to the United States District Court for the Western District of North Carolina.

Dated this 20th day of September, 2024.

BY THE COURT:

_____
JILL N. PARRISH
United States District Court Judge